# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID EUGENE BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV1191 JCH |
| ) | |
| BONNE TERRE MENTAL ) | |
| HEALTH MANAGER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are various filings from plaintiff, including: 1) a motion to hire an investigator to ascertain defendant Atterberry's service information [Doc. #12], a motion for leave to amend his complaint [Doc. #14], a motion for reconsideration of the Court's July 23, 2010 dismissal of defendant "Bonne Terre Mental Health Manager" [Doc. #11]; and a "Order to Show Cause for a Preliminary Injunction," subtitled notice of "Ongoing Harm and Inadequate Medical Care" [Doc. #15]. The Court will grant plaintiff's motion for reconsideration, as well as his motion for leave to amend his complaint. The Court will also require plaintiff to file his amended complaint on a Court form and deny plaintiff's motion for an investigator to ascertain defendant Atterberry's service information. Because the allegations contained in plaintiff's "Order to Show Cause for a Preliminary

Injunction" are not connected to the allegations in the current complaint, plaintiff's motion for injunctive relief will be denied.

## Procedural Background

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 on July 2, 2010. Because plaintiff sought leave to proceed in forma pauperis, the Court reviewed plaintiff's complaint for frivolousness, maliciousness and/or failure to state a claim, pursuant to 28 U.S.C. § 1915.

In his original complaint, plaintiff named the following as defendants: Bonne Terre Mental Health Manager at Eastern, Reception, Diagnostic and Correctional Center ("ERDCC"); Unknown Atterberry; Head Nurse/Scheduling Manager at Northeast Correctional Center ("NECC"); Western Missouri Correctional Center ("WMCC") Medical Director; and Correctional Medical Services ("CMS"). Although plaintiff made various conclusory allegations against the defendants, the one claim that survived initial review was plaintiff's allegation that he had been discriminated against on the basis of his mental health disability by defendant Atterberry, a doctor at "FRDC"[1] in 2007.

## Discussion

---

[1] The Court presumes plaintiff is referring to Fulton Reception and Diagnostic Correctional Center as he has not explained his acronym.

1. **Plaintiff's Motion for Reconsideration of the Dismissal of defendant Bonne Terre Mental Health Manager**

Plaintiff seeks reconsideration of this Court's July 23, 2010 dismissal of his allegations against Bonne Terre Mental Health Manager. In his complaint, plaintiff alleged that he was discriminated against in 2005 when he was refused access to the special needs unit by the Bonne Terre Mental Health Manager. The gist of plaintiff's claim seems to be that he was denied adequate medical care when the Bonne Terre Mental Health Manager refused to place him in the special needs unit based on his mental health disability. The Court dismissed plaintiff's claims against the Bonne Terre Mental Health Manager because it believed they were barred by the statute of limitations. Plaintiff points out in his motion that he alleged in his complaint that he had been discriminated against by the Mental Health Manager in <u>November</u> of 2005, therefore, his allegations are not yet barred by the statute of limitations. The Court agrees that his allegations, as stated, are not barred by the statute of limitations. As such, plaintiff's motion for reconsideration of the Court's dismissal of defendant Bonne Terre Mental Health Manager will be granted. However, the Court will not amend the Order of Dismissal, as plaintiff will be required to file an amended complaint which will supersede his previous pleading.

2. **Plaintiff's Motion to Amend His Complaint**

Plaintiff seeks leave to amend his complaint to add several different defendants, with claims involving several different correctional facilities. In his motion for leave to amend, plaintiff has included several recitations of long and rambling claims against persons not named in his original complaint relating to events not previously described to the Court. In fact, it appears as though plaintiff is attempting to amend his complaint by interlineation, or requesting that the Court add additional claims to this action without providing the Court with a pleading which includes all claims he wishes to pursue in this action.

Although the Court will allow plaintiff leave to amend his complaint, it will not accept plaintiff's attempts to amend by interlineation. **All** claims in an action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental pleadings in order to piece together plaintiff's claims.

Accordingly, the Court will order plaintiff to file an amended pleading in this action. Plaintiff must, however, follow the Court's instructions relating to the filing of his amended complaint, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment for the relief the pleader seeks." Rule 8(e) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." And Rule 10(b) requires that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."

Plaintiff must clearly state the defendants which he is pursuing allegations against, and he must articulate, <u>for each of those defendants</u>, the factual circumstances surrounding their alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint, and claims that are not re-alleged are deemed abandoned. E.g., <u>In re Wireless Telephone Federal Cost Recovery Fees Litigation</u>, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Lastly, the Court wishes to remind plaintiff that he cannot normally seek to join claims against several different defendants relating to events arising at several different correctional facilities in the same lawsuit. For example, in plaintiff's original complaint, he sought to bring actions against four different persons at four different facilities. The new allegations included in plaintiff's motion to amend his complaint detail assertions against six more defendants, located at two additional different correctional facilities. Moreover, his new allegations do not even concern his previous allegations of discrimination based on his mental health. Rather, he complains of lack of medical care for his arthritis and teeth, as well as a claim for retaliation and one for denial of recreation time.

From these practices, it appears that plaintiff is attempting to cram every claim he might have ever had against a person or facility into one lawsuit. Such pleading practices are not allowed, especially in prisoner actions where there could be an incentive to avoid paying separate filing fees. See George v. Smith, 507 F.3d

605, 607 (7th Cir. 2007) (district court should question joinder of defendants and claims in prisoner cases).

In other words, plaintiff should only include in his amended complaint claims which arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. See Fed.R.Civ.P. 18(a) and 20(a)(2). Application of this rule will usually result in a complaint containing claims relating to just one correctional center. If plaintiff wishes to pursue claims against numerous defendants at various different correctional centers, and the claims do not arise from the same transaction or occurrence, he should file his claims on separate complaint forms and seek to proceed in several new civil actions. In anticipation of such an occurrence, the Court will order the Clerk to provide plaintiff with several blank complaint forms.

## 3.    Plaintiff's Motion to Hire an Investigator

Because the Court has ordered plaintiff to file an amended complaint in this matter, the Court will deny plaintiff's motion to hire an investigator to effectuate service on defendant Atterberry.[2]

---

[2]The Court notes that plaintiff has not provided it with an address at which defendant Atterberry may be reached for service of process. Should plaintiff re-allege his claims against defendant Atterberry in his amended complaint, he must provide any and all information he has about defendant Atterberry in his pleading, such as the timeframe in which he was under defendant Atterberry's care, the

**4.     Plaintiff's "Order to Show Cause for Preliminary Injunction" and notice of "Ongoing Harm and Inadequate Medical Care"**

In his "Order to Show Cause for Preliminary Injunction" plaintiff seeks to have "the Court to have CMS and PCC's [Potosi Correctional Center] Dr. McKinney comply with previous arthritis pain treatments and medicines prescribed by doctors at NECC [Northeast Correctional Center] and MCC [Moberly Correctional Center]." As noted above, the only issues left in plaintiff's complaint concerned what he described as discriminatory treatment based on his mental illness. Plaintiff did not discuss any medical claims relating to arthritis in his pleading, nor did he make any claims against a Dr. William McKinney.

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). In this case, there is no relationship between the injury claimed in the motion and the conduct asserted in the original complaint. Consequently, the motion for preliminary injunction will be denied.

---

facility at which he was housed, and defendant's full name and/or job title.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the Court's July 23, 2010 dismissal of the Bonne Terre Mental Health Manager [Doc. #11] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint [Doc. #14] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, **<u>five</u>** blank complaint forms for the filing of a prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **<u>no later than thirty (30) days from the date of this Order</u>**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, it will be subject to review under 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motion to hire an investigator to ascertain defendant Atterberry's service information [Doc. #12] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's "Order to Show Cause for Preliminary Injunction" [Doc. #15] is **DENIED**.

Dated this <u>5th</u> day of October, 2010.

                                            /s/ Jean C. Hamilton
                                            UNITED STATES DISTRICT JUDGE