# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID EUGENE BAILEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:10CV1191 JCH |
| RALPH SNEED, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to consolidate the instant action with Case No. 4:11CV401 AGF, or to allow him the opportunity to amend his complaint to add Bonne Terre Parole Officer as an additional defendant in this instant case. The Court will deny plaintiff's request.

Plaintiff filed the instant action in July of 2010, pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. In his original complaint, plaintiff named six individuals and entities as defendants. Pursuant to 28 U.S.C. § 1915, all but one of plaintiff's claims were dismissed as frivolous and/or for failure to state a claim. Plaintiff sought reconsideration of the dismissal of his claims, as well as leave to file an amended complaint. The Court granted plaintiff's request to file an amended complaint, and he was counseled to include only those claims that arose out of the

same transaction or occurrence, or that had some relation to one another, in compliance with Federal Rules of Civil Procedure 18 and 20.

Plaintiff's amended complaint set forth claims for injunctive and monetary relief against Bonne Terre Mental Health Manager at ERDCC, Dr./Ms. Atterberry at FRDC, John Doe FRDC Guard, Bonne Terre Parole Office and CMS. In reviewing plaintiff's amended complaint pursuant to 28 U.S.C. § 1915, the Court found that all of the defendants were not properly joined in this action and severed the case into four separate cases. The instant case was then construed only against defendant Bonne Terre Mental Health Manager, now identified as defendant Ralph Sneed. Plaintiff's claims against Bonne Terre Parole Officer were severed into Case No. 4:11CV401 AGF.

Plaintiff argues that he should be allowed to proceed in the instant case (or in the second case) against both Mr. Sneed and defendant Bonne Terre Parole Officer, asserting that the allegations against both defendants arise from the same transactions and operative facts. Plaintiff is incorrect. The Court previously summarized plaintiff's claims against defendant Bonne Terre Parole Officer as follows:

> Plaintiff claims that in November of 2007 an unnamed Bonne Terre
> Parole Officer acted unlawfully when she ignored his "home plans" and
> instead paroled him to the Home Center in Kansas City, such that he

would have to pay rent to the Missouri Department of Corrections. Plaintiff asserts that in this same "scam" to "get more money," the unnamed parole officer required him to pay for GED classes even though he had his high school diploma.

Plaintiff's claims against the Bonne Terre Mental Health Manager were additionally summarized by this Court as:

> Plaintiff claims that in November of 2005 he was discriminated against on the basis of his mental health disability in that he was refused access to the special needs unit by the Bonne Terre Mental Health Manager at ERDCC. Plaintiff claims that as a result of his exclusion from the special needs unit, he became mentally unable to live in the general population and was placed in segregation/solitary confinement. Plaintiff asserts that his placement in solitary confinement restricted him from various activities, while "disabled inmates got to go out every day and play basketball, walk the court, go to the gym and watch TV."

Thus, plaintiff's claims against the two individuals arose more than two years apart and involve a completely separate set of events. As such, plaintiff's contentions that they should be consolidated in the same action is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to add Bonne Terre Parole Officer as a defendant in this action or to consolidate this case with Case No. 4:11CV401 AGF is **DENIED**.

Dated this 20th day of April, 2011.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE